## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RICHARD COMEAU MARTEL, CHARLENE COMEAUX KENNEDY, SUSIE COMEAUX HEROMAN, PATRICE COMEAUX ELLIS, ROBERT COMEAUX JR., LISA COMEAUX, LAURA COMEAUX, DOUGLAS COMEAUX, and NICOLE COMEAUX, | * * * * * * | Civil Action No.  JUDGE |
| | * | MAGISTRATE JUDGE |
| Plaintiffs, | * * | |
| vs. | * * | |
| B. RILEY WEALTH MANAGEMENT, INC., | * * * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

Defendant B. Riley Wealth Management, Inc. ("B. Riley"), by and through undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana to the United States District Court for the Western District of Louisiana.  The grounds for removal are as follows:

1.    Plaintiffs Richard Comeau Martel, Charlene Comeaux Kennedy, Susie Comeaux Heroman, Patrice Comeaux Ellis, Robert Comeaux Jr., Lisa Comeaux, Laura Comeaux, Douglas Comeaux, and Nicole Comeaux (collectively "Plaintiffs") commenced this action by filing a Petition for Damages ("Petition") on November 25, 2020 in the Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana and the Petition was docketed as Case No. C-20205899 A.

2.      B. Riley was served with Summons and a copy of the Petition on December 22, 2020.[1]

3.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal must be filed within thirty (30) days of service of the complaint and summons upon the defendant.  Since B. Riley was served on December 22, 2020, removal is timely.

4.      On January 4, 2021, counsel for Plaintiffs, Todd E. Gaudin, consented to extending B. Riley's time to respond to the Petition until January 15, 2021.  Therefore, the time for B. Riley to answer or otherwise plead with respect to the Petition has not yet expired.

5.      Concurrent with the filing of this Notice, B. Riley is serving this Notice on Plaintiffs' counsel and filing a copy of the Notice with the Clerk of the Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana.[2]

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Western District of Tennessee is the federal district court embracing the Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana., where this action was originally filed.

7.      By filing this Notice of Removal in this matter, B. Riley does not waive its right to object to service of process, the sufficiency of process, or personal jurisdiction, and B. Riley specifically reserves the right to assert any defense and/or objections to which it may be entitled.

8.      As shown below, this case is removable to federal court based on diversity jurisdiction under 28 U.S.C. § 1332.

---

[1] A copy of the state court pleadings are attached hereto as **Exhibit** "**1**," *in globo*; Certificate of Counsel attesting to said record is attached hereto as **Exhibit** "**2**;" and the List of Parties and Counsel is attached hereto as **Exhibit** "**4**."
[2] The Notice of Filing of Notice of Removal is attached hereto as **Exhibit** "**5**."

## DIVERSITY JURISDICTION

9.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the suit is between citizens of different states, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332; *Weaver v. Metropolitan Life Ins. Co.*, 939 F.3d 618, 623 (5th Cir. 2019).

10.      Diversity jurisdiction under 28 U.S.C. § 1332 requires "complete diversity," which means that "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side."  *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)).

11.      For purposes of diversity jurisdiction under 28 U.S.C. § 1332, a corporation is a citizen of the state in which it was incorporated and the state where its principal place of business is located.  *Tewari De-Ox Systs., Inc. v. Mountain States/Rosen, Ltd. Liability Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) (citing 28 U.S.C. § 1332(c)(1)).

12.      As alleged in the Petition, Plaintiff Richard Comeau Martel is domiciled in the State of Nevada.  Petition, at p.1.

13.      As alleged in the Petition, the remaining Plaintiffs are all domiciled in the State of Louisiana.  *Id*.

14.      B. Riley is a Tennessee corporation with its principal place of business in Memphis, Shelby County, Tennessee.  Thus, B. Riley is a citizen of the State of Tennessee.

15.      For these reasons, complete diversity exists between Plaintiffs and B. Riley.

## AMOUNT IN CONTROVERSY

16.      The amount in controversy requirement of 28 U.S.C. § 1332—more than $75,000.00 exclusive of interests and costs—is also satisfied.

17.     The Petition does not allege on its face the amount in controversy.  However, when a complaint is silent as to the amount in controversy, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of 28 U.S.C. § 1446(a).  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

18.     In this case, the amount in controversy greatly exceeds the jurisdictional threshold of $75,000.00.  *See* Declaration of Charlotte Wallace ("Wallace Dec."), attached hereto as **Exhibit 3**.

19.     The Petition requests relief in the form of a judgment "against [B. Riley], which redeems and/or compensates [Plaintiffs] in full for [B. Riley's] fault that lead Marguerite Lormand Levy's conversion of funds."  Petition, at p. 3.

20.     There are two B. Riley (f/ka Wunderlich Securities, Inc.) brokerage accounts at issue in the Petition.  Petition, at ¶ 4.  The first brokerage account at issue was opened and maintained by Marie Comeaux and Marguerite Lormand Levy as joint tenants with right of survivorship.  *Id*., at ¶¶ 3-4.  The second brokerage account at issue was opened and maintained by Marie Jeanne Comeaux Dimauro and Marguerite Lormand Levy as joint tenants with the right of survivorship.  *Id*.

21.     Plaintiffs claim that the portfolio assets for the first brokerage account should have been placed into Marie Comeaux's probate estate at the time of her death.  Petition, at ¶¶ 7 and 12.  Plaintiffs further claim that the portfolio assets for the second brokerage account should have been placed into Marie Jeanne Comeaux Dimauro's probate estate at the time of her death.  *Id*.

22.     As of October 31, 2006, the same month Marie Comeaux passed away, the B. Riley account associated with her had a net portfolio value of $544,130.86.  Wallace Dec., at ¶ 7.

23.     As of July 31, 2014, the same month Marie Jeanne Comeaux Dimauro passed away, the B. Riley account associated with her had a net portfolio value of $611,083.13.  Wallace Dec., at ¶ 9.

24.     The Petition seeks "full" compensation for the amounts claimed by Plaintiffs to belong in the probate estates of Marie Comeaux and Marie Jeanne Comeaux Dimauro.  Petition, at p. 3.  To that end, the amount in controversy clearly exceeds the threshold sum of $75,000.00.

25.     Accordingly, the requirements of diversity jurisdiction under 28 U.S.C. § 1332 are satisfied, and this case is removable by B. Riley.

WHEREFORE, Notice is given that this action is removed from the Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana to the United States District Court for the Western District of Louisiana.

DATED: January 15, 2021.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

*s/ Christopher M. Vitenas*
Gregory E. Bodin, T.A., LBRN 18802
Christopher M. Vitenas, LBRN 36717
Chase North Tower
450 Laurel Street, 21st Floor
Baton Rouge, Louisiana 70801
Telephone:     225.381.7000
Fax:              225.343.3612

–AND–

Mark D. Griffin (pro hac vice forthcoming)
Pete A. Brunson (pro hac vice forthcoming)
First Horizon Building
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103

Telephone:     901.526.2000
Fax:           901.577.2303
mgriffin@bakerdonelson.com
pbrunson@bakerdonelson.com

*Attorneys for Defendant B. Riley Wealth Management, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2021, a true and exact copy of the foregoing was served upon the following by electronic mail:

Todd E. Gaudin
ON POINT LEGAL, LLC
10630 N. Oak Hills Pkwy
Baton Rouge, Louisiana 70810
225.412.8048
todd@myonpointlegal.com

*s/      Christopher M. Vitenas*